IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

         v.                                                         Case No. 21-cr-40037-JPG-1

WILLIAM ALLEN THORNTON,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant William Allen Thornton's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 72).   The Court also considers Thornton's *pro se* motion (Doc. 64).   The Government has responded to the motions objecting to the reduction on waiver grounds (Doc. 74).

## I.      Background

The defendant was indicted on one count of Commercial Sex Trafficking of a Child and one count of Enticement of a Child to Engage in Unlawful Sexual Activity (Doc. 15).   Both counts had a statutory minimum sentence of 10 years.   18 U.S.C. §§ 1591(b)(2) & 2422(b).

Before the case could go to trial, the Government and the defendant negotiated a plea agreement under which the defendant would plead guilty to an Information charging one count of Attempted Use of an Interstate Facility to Transmit Information About a Minor (Doc. 50), and the Government would dismiss the charges in the Indictment.   The crime alleged in the Information carried a statutory maximum sentence of 5 years but had no statutory minimum sentence.   18 U.S.C. § 2425.   Both parties agreed to recommend to the Court a sentence of 60

months, the statutory maximum.   As part of the plea agreement, the defendant also agreed to the following:

> However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law.

Plea Agreement § V, ¶ 5 (emphasis in original) (Doc. 50).   There were certain exceptions, but none applies here.

At sentencing, the Court adopted the presentence investigation report's recommended total offense level of 23.   *See* PSR ¶¶ 22-31; U.S.S.G.[1] §§ 2G1.3 & 3E1.1.   The defendant had accumulated no criminal history points, so he was in criminal history category 1.   *See* PSR ¶¶ 38-39.   This yielded a guideline sentencing range of 46 to 57 months.   The Court imposed the maximum sentence of 60 months, as requested by the parties pursuant to the Plea Agreement.

## II.    Reduction Request

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.   Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023), to reduce the offense level of some offenders with no criminal history points.   Specifically, U.S.S.G. § 4C1.1 (2023) provides that if a defendant had accumulated no criminal history points and his offense did not involve specified aggravating factors, his offense level would be reduced by 2 points.[2] Amendment 821 is retroactive.   *See* U.S.S.G. § 1B1.10(d) (2023).   Thornton requests a

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2021 version.

[2] Part A of Amendment 821 concerns criminal history points awarded because a defendant was under a criminal sentence when he committed his offense of conviction ("status points").   This does not apply to the defendant because he received no status points.

sentence of 48 months, a sentence proportionately above his amended guideline range when compared to his original sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

In response, the Government asserts that the defendant knowingly and voluntarily waived the right to request reduction of his sentence by § V, ¶ 5 of the Plea Agreement (Doc. 50).

### III.   Eligibility

Thornton satisfies the first criterion for a sentence reduction because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   His original guideline range was 46 to 57 months.   Part B of Amendment 821 subsequently lowered his offense level by 2 points to 21, where his guideline sentencing range is 37 to 46 months.

The Court further finds that a reduction in the defendant's sentence would be consistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2023).

Accordingly, the Court finds that Thornton is eligible for a sentence reduction by virtue of Amendment 821.

3

## IV.    Waiver

While the defendant may be eligible for a sentence reduction, he gave up the right to seek one in the waiver contained in his Plea Agreement.   That waiver was broad; the defendant gave up "the right to seek modification of . . . the . . sentence in any type of proceeding" (original emphasis omitted).

Where a defendant waives a right in a plea agreement, that waiver is generally enforceable if its terms are express and unambiguous and if the waiver was knowing and voluntary.   *United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021) (broad waiver covers compassionate release request).   That the waiver may prevent the defendant from taking advantage of future changes in the law is the risk he assumes in order to access the consideration offered by the Government at the time of the agreement.   *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) ("[T]here is abundant case law that appeal waivers worded as broadly as this one are effective even if the law changes in favor of the defendant after sentencing. . . ."; collecting cases); *Bridgewater*, 995 F.3d at 596.

The terms of Thornton's waiver are clear.   He expressly agreed to waive all rights to seek modification of his sentence, period.   By its broad terms, that includes the option to seek modification under 18 U.S.C. § 3582(c)(2) for retroactive application of a U.S.S.G. amendment. Such U.S.S.G. amendments have been a staple of post-sentencing litigation since Amendment 715 in May 2008, which began an effort to reduce the disparity between crack cocaine and powder cocaine sentences.   That such a corrective amendment could happen again was surely within the contemplation of the parties at the time of the Plea Agreement.

Thornton's waiver was knowing and voluntary.   After a thorough Rule 11 plea colloquy with the defendant, the Court found he had knowingly, voluntarily, and competently pled guilty

to the allegations in the Information pursuant to the Plea Agreement.   Thornton presents no argument now that the waiver, whether itself or as part of the plea agreement as a whole, was not knowing or voluntary.

Applying this waiver would not work an injustice.   Thornton was able to change the possibility of a 10-year sentence to a promise from the Government to only seek half that.   It was not unreasonable to trade that substantial consideration from the Government for giving up the right to ask for a possible future beneficial change in the law.   That is the bargain Thornton made, and he must stick to it.

## V.   Discretion

Even if the defendant had not waived his right to seek a sentence reduction based on a retroactive sentencing guideline amendment, the Court would deny a reduction.   Just because a defendant is *eligible* for a reduction does not mean he is *entitled* to one.   Indeed, it rests within the Court's discretion to reduce an eligible defendant's sentence based on a retroactive sentencing guideline amendment.   *See* 18 U.S.C. § 3582(c)(2) (". . . . the court *may* reduce the term of imprisonment. . . ." (emphasis added)); U.S.S.G. § 1B1.10(a)(1) (2023) (same); *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009) (noting "the district court's substantial discretion in deciding how to adjudicate § 3582(c)(2) motions").   The Court's discretion is guided by the policy statement at U.S.S.G. § 1B1.10 (2023) and the § 3553(a) factors.

When viewing Thornton's case as a whole, his 60-month sentence is the correct sentence. It appears from the criminal complaint that began these proceedings that there was substantial evidence against Thornton from which the Government could have constructed a winning case. Thus, a 10-year sentence was a real threat.   The Government's agreement to half that—with hardly any possibility of modification—was unquestionably fair to the defendant in light of his

lack of criminal history and other factors, fair to the Government to obtain a substantial and *final* sentence, and fair to the public.   The Court expressed approval for such a plea bargain by sentencing Thornton as the parties requested.   Indeed, it would be unfair now to allow Thornton to escape from his Plea Agreement obligations without according the Government the same right.

Thornton's 60-month sentence remains the proper sentence for the reasons the Court gave at Smith's sentencing hearing.   His good conduct and accomplishments in prison do not belie that conclusion but show that prison is working to make Thornton a productive member of society.   Ordering him released early—and contrary to his promises in the Plea Agreement— would not promote respect for the law and would diminish the deterrent effect for future violations.   A 60-month sentence is necessary to adequately, but not excessively, punish Thornton for his offense in this case.

## VI.    Conclusion

For the foregoing reasons, the Court **DENIES** Thornton's motion to reduce his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Doc. 72) as well as his *pro se* motion (Doc. 64).

**IT IS SO ORDERED.**
**DATED:   April 23, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**